IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS S. NELSON,<br><br>    Plaintiff,<br><br>  vs.<br><br>GOV. ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | No. C 09-04937 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a pretrial detainee at the Contra Costa County Jail in Martinez proceeding pro se, filed a civil rights action under the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). Plaintiff will be granted leave to proceed in forma pauperis in a separate written order. For the foregoing reasons, the Court will dismiss the complaint with leave to amend.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims

or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B. Legal Claims

Plaintiff seeks to bring a class action on behalf of plaintiffs who are "bound to use wheel chairs for daily mobility and ambulation." (Compl. at 1.) Plaintiff Nelson states that he is a "jailhouse lawyer," but provides no proof that he is licensed to practice law in the State of California. (Id.) Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, see Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Accordingly, class certification is DENIED. This action will proceed only the basis of Plaintiff's personal claims.

With respect to plaintiff's personal claims, the complaint is deficient for several reasons. First of all, it is unclear whether plaintiff has any personal claims because he consistently refers to plaintiffs in the plural. To state a claim under Title III of the ADA, a plaintiff must allege that a private entity discriminated against him on the basis of his disability in places of public accommodation. See 42 U.S.C. § 12182(a); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (same, under Title II against public entities.) Here, although plaintiff has identified several locations where he believes public accommodation for wheelchair access is deficient, he has failed to identify the private entity responsible for the alleged deficiency at those locations. Furthermore, without identifying the responsible entity, public or private, plaintiff is

unable to show discriminatory intent by the entity constituting deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  Id. at 1139.

Plaintiff also fails to state a claim under Title II of the ADA, which requires plaintiff show four elements to state a cause of action: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  As discussed above, plaintiff has not identified the entity liable for the allegedly deficient accommodations. "Public entity" includes any state or local government or any department, agency, special purpose district or other instrumentality of a state or states or local government. See 42 U.S.C. § 12131(1)(A) & (B).  Accordingly, defendant Governor Arnold Schwarzenegger is not a "public entity" for the purposes of the ADA, and cannot be held liable as such.  Lastly, the Court finds no allegation that plaintiffs were excluded from participation in or denied the benefits of the public entity's services, programs or activities; the condition of ramps or lack thereof does not per se constitute exclusion from participation in or denial of benefits, particularly if such accommodations, or lack thereof, is not directly related to plaintiff's ability to access a public entity's services, programs or activities.  The complaint contains no allegation that plaintiff was unable to access services due to the lack of wheelchair accommodations.

Lastly, while constitutional standing under the ADA requires that the plaintiff must himself suffer an injury due to the defendant's noncompliance with the ADA, Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002), he need not engage in further futile gestures to gain access if he has actual notice that the

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Nelson04937_dwlta.wpd             3

defendant does not intend to comply with the ADA, id. at 1136 (discussing access to public accommodations under Title III). Here, plaintiff has failed to identify proper defendants, *i.e.*, either a private entity liable under Title III or a public entity liable under Title III, and thus cannot show that he has actual notice that these unknown defendants do not intend to comply with the ADA. See id. Where plaintiff seeks injunctive relief as he does here, the plaintiff must also demonstrate, in addition to injury, that there is "a sufficient likelihood that he will again be wronged in a similar way." Fortyune v. American Multi-Cinema, 364 F.3d 1075, 1081 (9th Cir. 2004) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). Because the Court cannot discern which of the claims are personal to plaintiff, it cannot be said that plaintiff has been able to demonstrate the likelihood that he will be subject to repeat injury. Id.

Plaintiff will be given leave to file an amended complaint, correcting the deficiencies discussed above, to attempt to state a cause of action under the ADA.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend, as indicated above. Within **thirty (30) days** of the date this order is filed, plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 09-04937 JW ( PR). Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JW\CR.09\Nelson04937_dwlta.wpd            4

Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to plaintiff.

DATED: March 1, 2010

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS S. R. NELSON,

        Plaintiff,

  v.

GOV. ARNOLD SCHWARZENEGGER, et al.,

        Defendants.
                                 /

Case Number: CV09-04937 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   3/8/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas Swede-Raymond Nelson H 20549
Contra Costa County Jail
901 Court Street
Martinez, CA 97553

Dated:   3/8/2010

                                Richard W. Wieking, Clerk
                          /s/  By: Elizabeth Garcia, Deputy Clerk